B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Northwest Ohio Speech, Language and Rehabilitation Services, Ltd.<br>3450 W. Central Ave., Suite 336<br>Toledo, Ohio 43606 | **DEFENDANTS**<br>U.S. Small Business Administration<br>1350 Euclid Avenue *<br>Suite 211<br>Cleveland, OH 44115 |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Eric Neuman<br>1107 Adams Street<br>Toledo, Ohio 43604<br>419-244-8500 | **ATTORNEYS** (If Known)<br>Attorney General of the United States<br>Main Justice Building<br>10th & Constitution Avenue, N.W.<br>Washington, D.C. 20530 |
| **PARTY** (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>Complaint to Avoid Lien under 11 U.S.C. section 506; disallow secured claim under section 502. | |

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et. seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought<br>a judgment declaring the security interest of the Defendant to be null and void. | |

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Northwest Ohio Speech, Language and Rehabilitation Services, Ltd | BANKRUPTCY CASE NO.<br>25-32078 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Ohio | DIVISION OFFICE<br>Western | NAME OF JUDGE<br>Mary Ann Whipple | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Eric R. Neuman | | | |
| DATE<br>10-23-2025 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Eric Neuman | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | * | Case No. 25-32078 |
| | | Adv. Case No. |
| Northwest Ohio Speech, Language | * | Judge Mary Ann Whipple |
| and Rehabilitation Services, Ltd. | | |
| | * | |
| Debtor | | |
| | * | |
| | | |
| Northwest Ohio Speech, Language | * | |
| and Rehabilitation Services, Ltd. | | |
| 3450 W. Central Ave. | * | |
| Suite 336 | | |
| Toledo, Ohio 43606 | * | |
| | | |
| Plaintiff | * | |
| vs. | | |
| | * | |
| U.S. Small Business Administration | | |
| 1350 Euclid Avenue | * | |
| Suite 211 | | |
| Cleveland, OH 44115 | * | |
| | | |
| Notice also to: | * | |
| | | |
| Attorney General of | * | |
| the United States | | |
| Main Justice Building | * | |
| 10th & Constitution Avenue, N.W. | | |
| Washington, D.C. 20530 | * | |
| | | |
| Office of the United | * | |
| States Attorney | | |
| Suite 308, Four Seagate | * | |
| Third Floor | | |
| Toledo, Ohio 43604 | * | |
| | | |
| United States Small | * | |
| Business Administration | | |
| 409 3rd St., SW | * | |
| Washington, DC 20416 | | |

1

|  | Defendant | * |  |
|--|--|--|--|

           \*           \*           \*

**COMPLAINT (1) TO DETERMINE THE VALIDITY, PRIORITY AND EXTENT OF LIEN, (2) TO DETERMINE THE VALUE AND SECURED STATUS OF INTERESTS IN PROPERTY OF THE ESTATE, (3) TO AVOID LIEN PURSUANT TO 11 U.S.C. § 506, AND (4) TO DISALLOW SECURED CLAIM**

**JURISDICTION AND VENUE**

1. The above-captioned adversary proceeding (the "Adversary Proceeding") arises in and is related to the above-captioned bankruptcy case ("Case"), which is currently pending under chapter 11, Subchapter V, of title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of Ohio, Western Division. ("Court"). The number designation of said Bankruptcy Case is 25-32078.

2. This Adversary Proceeding is brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

3. This Court has jurisdiction over the subject matter of this Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334. Pursuant to Bankruptcy Rule 7008(a), the Plaintiff states that it does consent to entry of final orders or judgment by the bankruptcy court.

4. Venue is proper under 28 U.S.C. § 1409.

5. This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (K).

6. The Plaintiff is authorized and has standing to bring this Adversary Proceeding pursuant to 11 U.S.C. §§ 1106, 1107, 1108 and 1184.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

7. On September 30, 2025, the Plaintiff, Northwest Ohio Speech, Language and

Rehabilitation Services, Ltd. ("Plaintiff"), filed a petition for relief under Chapter 11, Subchapter V, of the United States Bankruptcy Code.

8. At the commencement of the bankruptcy case, the Plaintiff was indebted to the Defendant, the United States Small Business Administration. ("Defendant").

9. That the Plaintiff is indebted to the Defendant.

10. That the Plaintiff's indebtedness to the Defendant is based upon loan made by the Defendant to the Plaintiff in June of 2020 under which the Defendant lent to the Plaintiff the sum of $95,300.00. ("Loan")

11. That the Plaintiff believes that at present the Plaintiff owes the Defendant approximately $91,885.24 on the Loan.

12. That upon information and belief, the agreement between the Parties also provided that the Plaintiff granted to the Defendant a security interest in all of its personal property. ("Security Interest").

13. That upon information and belief, the Security Interest to the Defendant was granted to the Defendant on or around June of 2020.

14. That upon information and belief, to perfect the Security Interest, the Defendant filed a UCC-1 with the Ohio Secretary of State on June 28, 2020, designated Document Number OH00242671467 ("UCC").

15. That the Defendant has not, at the time of the filing of this Complaint, filed a proof of claim in the Plaintiff's bankruptcy Case.

16. That the Defendant holds a claim against Plaintiff in the bankruptcy case.

17. That the Plaintiff does not own any real property.

18. That the Plaintiff's primary assets consists of its cash, receivables, equipment and

inventory used in the operation of the Plaintiff's business.

19. That the aggregate value of the Plaintiff's personal property, as set forth in its bankruptcy schedules, is $52,118.00 which consists of account receivables of $14,964.00, a bank account balance of $32,254.00, with the remaining value allocable to equipment, inventory and other miscellaneous property used in the Plaintiff's business operation. ("Personal Property").

20. That upon information and belief, the following Parties also claim a perfected interest in all of the Plaintiff's Personal Property:

| Creditor | Approximate Amount owed | Date of Perfection | UCC |
|---|---|---|---|
| Huntington National Bank | $350,573.36 | 08/31/2001<br>09/13/2001<br>10/25/2006 | OH00227232640<br>OH00038538417<br>OH00108049465 |
| Citizens Bank | $82,246.56 | 11/29/2020 | OH00146468095 |
| FC Market Place | $148,009.00 | 08/29/2023 | OH00275531581 |
| Bay First National Bank | $140,980.78 | N.A. | N.A. |
| ReadyCap Lending | $91,885.24 | N.A. | N.A. |

21. Upon information and belief, the Security Interest held by the Defendant in the Plaintiff's Personal Property is junior to the interests held in the Plaintiff's Personal Property by the Huntington Bank and Citizens Bank

22. That at the time the Plaintiff sought bankruptcy relief, it disclosed secured claims totaling $862,694.94 and unsecured claims totaling $133,623.93.

**FIRST CLAIM FOR RELIEF**
**(Determination as to Validity, Extent and Priority of Liens)**

4

23. The Plaintiff incorporates each of the foregoing paragraphs as if fully set forth herein.

24. That upon information and belief, the Security Interest held by the Defendant in the Plaintiff's Personal Property is junior to the interest held in the Plaintiff's Personal Property by the Huntington Bank and Citizens Bank.

**WHEREFORE**, the Plaintiff seeks a determination that the Security Interest of the Defendant is junior to that of any interest claimed by the Huntington Bank and Citizens Bank in the Plaintiff's Personal Property.

### SECOND CLAIM FOR RELIEF
**(Determination as to secured status of and to avoid the Security Interest of the Defendant in the Plaintiff's Personal Property pursuant to 11 U.S.C. § 506)**

25. The Plaintiff incorporates each of the foregoing paragraphs as if fully set forth herein.

26. That 11 U.S.C. § 506(a) provides, in relevant part**:** "An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim."

27. That 11 U.S.C. § 506(d), provides, in relevant part: "To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void."

28. That the value of the Plaintiff's Personal Property is $52,118.00.

29. That based upon the value of the Plaintiff's Personal Property, and the superior

5

interest which is claimed by the Huntington Bank and Citizens Bank in the Debtor's Personal Property, the Defendant's Security Interest does not attach to any equity in the Plaintiff's Personal Property.

30. That pursuant to 11 U.S.C. § 506(a), any interest claimed by the Defendant under its Security Interest is a wholly unsecured claim.

31. That pursuant to 11 U.S.C. § 506(d), any interest claimed by the Defendant under its Security Interest may be fully avoided.

**WHEREFORE**, the Plaintiff seeks a determination and order from the Bankruptcy Court determining the value of the Plaintiff's Personal Property to be $52,118.00, or such other amount as determined by the Court, that any claim made by the Defendant be determined to be a wholly unsecured claim under 11 U.S.C. § 506(a), that the Security Interest of the Defendant be determined and declared to be void and released pursuant to 11 U.S.C. § 506(d), that this Order apply to any Plan confirmed in this case by the Court and that the Court enter any other relief in favor of the Plaintiff it deems just and equitable.

### THIRD CLAIM FOR RELIEF
**(Disallowance of Secured Claim)**

32. The Plaintiff incorporates each of the foregoing paragraphs as if fully set forth herein.

33. That to the extent the Defendant files a proof of claim in the Case, such claim should not be allowed as a secured claim.

**WHEREFORE**, the Plaintiff asks that the Court enter a judgment disallowing any Claim filed by the Defendant as a secured claim.

Respectfully submitted

6

25-03054-maw    Doc 1    FILED 10/23/25    ENTERED 10/23/25 14:28:55    Page 8 of 9

                *s/Eric R. Neuman*
                Eric R. Neuman (0069794)
                DILLER & RICE
                Attorney for Plaintiff
                1107 Adams Street
                Toledo, Ohio 43604
                Phone: (419) 244-8500
                Fax: (419) 238-4705
                eric@drlawllc.com